IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DANIEL STEWART                                                     PLAINTIFF

vs.                                    Civil No. 4:17-cv-04106

NANCY A. BERRYHILL                                      DEFENDANT
Acting Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Daniel Stewart ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed his disability applications on July 19, 2014. (Tr. 135). In these applications, Plaintiff alleges being disabled due to mental impairments, schizophrenia, bipolar disorder, and manic depression. (Tr. 236). Plaintiff alleges an onset date of June 1, 2014. (Tr. 135). Her applications were denied initially and again upon reconsideration. (Tr. 80-131).

Plaintiff requested an administrative hearing on his denied applications. (Tr. 161). This

hearing request was granted, and Plaintiff's administrative hearing was held on July 7, 2016 in McAlester, Oklahoma. (Tr. 48-79). At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Melissa Brassfield testified at this hearing. *Id.*

On October 25, 2016, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 135-145). The ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2017. (Tr. 137, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2014, his alleged onset date. (Tr. 137, Finding 2). The ALJ determined Plaintiff had the following severe impairments: affective and substance abuse disorders; and cervical degenerative disc disease. (Tr. 137-138, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 138-140, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 140-143, Finding 5). First, the ALJ evaluated Plaintiff' subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant cannot perform overhead reaching bilaterally; is limited to unskilled work (i.e., work which needs little or no judgment to perform simple duties that can be learned on the job in a short time period); requires simple, direct, concrete, and uncritical supervision; is limited to interpersonal contact with supervisors and coworkers that is incidental to the work performed (e.g., assembly work); he should not be required to work at a fast-paced produced speed; he must have normal and regular work breaks with occasional

2

workplace changes; and is limited to occasional contact with the general public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 143-144, Finding 6). Considering his RFC, the ALJ determined Plaintiff did not retain the capacity to perform his PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 144-145, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified Plaintiff retained the capacity to perform work as an industrial sweeper cleaner (medium, unskilled) with 137,000 such jobs in the nation and groundskeeper (medium, unskilled) with 270,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability (as defined by the Act) from June 1, 2014 through the date of the ALJ's decision or through October 25, 2016. (Tr. 145, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 1-7). On November 8, 2017, the Appeals Council denied this request for review. *Id.* On November 28, 2017, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 12-13. This case is now ready for determination.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff raises two claims: (1) the ALJ erred in finding his mental impairments were not severe; and (2) the ALJ erred in failing to develop the record as to his mental impairments. ECF No. 12 at 1-18. Upon review, the Court finds the ALJ did err by failing to develop the record as to his mental impairments, and his mental RFC assessment is not supported by substantial evidence in the record. Accordingly, the Court will only address the second issue Plaintiff raised.

In his decision, the ALJ recognized Plaintiff's mental impairments and noted his treatment for those impairments. (Tr. 140-143). For instance, the ALJ recognized that on January 15, 2015, during a hospitalization at Riverview, Plaintiff was diagnosed with bipolar disorder. (Tr. 142). During this admission, Plaintiff was assessed of having a "Global Assessment of Functioning" or "GAF" score of 15, "which indicates the claimant was at some danger for self-harm." *Id.* On October 6, 2014, after he presented with "auditory hallucinations" and "did not maintain eye contact and appeared anxious," Plaintiff was also diagnosed with schizophrenia. *Id.*

5

Despite these diagnoses and records, *which the ALJ included as a part of his opinion,* the ALJ entirely discounted them without a sufficient basis. Indeed, apart from his speculation that these impairments were related to Plaintiff's past drug use and possible malingering, the ALJ offers no basis for discounting these medical findings. For example, the ALJ noted the following in his decision to discount Plaintiff's mental impairments:

> In this case, the record includes statements made by the claimant to doctors suggesting he was engaging in possible malingering or misrepresentation. Specifically, the claimant stated to multiple treating sources that his main goal in seeking medical care was to receive a check (Exhibit 1F, Page 10; Exhibit 5F, Page 1). The evidence also indicates drug-seeking behavior. Progress notes dated September 5, 2014 show the claimant demanded Klonopin, offering cigarettes in exchange for this drug, although he was already prescribed Seroquel (Exhibit 4F, Page 1).

(Tr. 143).

While these may be valid findings regarding Plaintiff's credibility, the ALJ should have supplied "some" medical evidence to support his decision regarding Plaintiff's mental impairments, especially his bipolar disorder and schizophrenia. *See Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001) (recognizing that "'[s]ome medical evidence' must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace'") (internal quotations and citations omitted). Accordingly, the Court cannot find the ALJ's decision as to Plaintiff's mental RFC is supported by substantial evidence in the record.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

6

52 and 58.

    **ENTERED this 13th day of December 2018.**

                                                    /s/ Barry A. Bryant  
                                                    HON. BARRY A. BRYANT  
                                                    U.S. MAGISTRATE JUDGE